810 F.2d 202
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Wayne LONG, Plaintiff-Appellant,
v.
George HANCOCK, Defendant-Appellee.
Michael Wayne LONG, Plaintiff-Appellant,
v.
COMMONWEALTH OF KENTUCKY and Mr. Hancock, Defendants-Appellants.
 Nos. 86-5667, 86-5669.
 United States Court of Appeals, Sixth Circuit.
 Nov. 11, 1986.
 
 Before KENNEDY and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In these interrelated actions, plaintiff seeks his release from confinement in the Kentucky Correctional Psychiatric Center and damages in connection with that confinement. In appeal No. 86-5667 we are reviewing the dismissal of a complaint under 42 U.S.C. § 1983. In Appeal No. 86-5669 we are reviewing the dismissal of a petition for a writ of mandamus under 28 U.S.C. § 1361. Plaintiff has filed an informal brief in each of these appeals and also moves for the appointment of appellate counsel.
 
 
 3
 Upon consideration, we agree with the district court's disposition of these actions. Plaintiff's civil rights action for monetary damages clearly fails to allege a deprivation of a federal constitutional right under color of state law. Adickes v. S.H. Kress and Co., 398 U.S. 144, 150 (1970). That portion of the civil rights action seeking release from confinement cannot be maintained. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff also has failed to articulate the nature of a duty owed to him by an officer or employee of the United States. The lack of this is fatal to his petition for mandamus relief. These actions were also correctly dismissed as attempts to mount a collateral attack upon a state sentence. Federal habeas corpus, 28 U.S.C. § 2254, is the proper avenue to bring this action. For these reasons, and for the reasons set forth in the orders on review, we affirm.
 
 
 4
 It appearing that the issues presented are not substantial and do not require oral argument, Rule 9(d)(3), Rules of the Sixth Circuit, the motions for counsel are denied, and the orders of the district court are affirmed.